UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JESSE BROWN | CIVIL ACTION |
| VERSUS | NO. 10-1003 |
| WARDEN BURL CAIN | SECTION "I" (6) |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.[1]  For the reasons set forth below, it is recommended that the

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. §

instant petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## PROCEDURAL BACKGROUND

JESSE BROWN is a state prisoner currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Brown is serving a life sentence, after being convicted on September 27, 2006 of attempted manslaughter, a violation of La. R.S. 14:31/27, the responsive offense for the original charge of attempted second degree murder. Brown was adjudicated a fourth felony offender and sentenced to a term of life, without benefit of parole, probation or suspension of sentence.[2]

Brown took a direct appeal, raising the following counseled claims for relief: 1) Trial court erred in not allowing defendant to terminate counsel; 2) trial court abused its discretion when it failed to determine if defendant was competent to proceed at trial; 3) trial court abused its discretion in having the defendant bound and gagged for identification purposes at trial; 4) trial court erred in denying a defense challenge to juror Derouen for "cause"; and, 5) the defendant was denied the right to present a defense and to examine the victim. Brown

---

2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

[2]*State v. Brown*, Case No. 464,852, 32nd Judicial District Court, Parish of Terrebonne, Louisiana, Sect. "B", Walker, J. See Transcript dated 2/9/07, State Rec. vol. 2 of 2.

also raised one *pro se* claim on appeal: that he was denied the effective assistance of counsel when counsel failed to investigate, interview witnesses and interview the victim. Brown's conviction, habitual offender proceeding and sentence were affirmed by the Louisiana First Circuit Court of Appeal, on February 13, 2009.[3] However, the court did not review the issue of ineffective assistance of counsel as the claim could not be sufficiently determined from a review of the trial record alone. The court, citing La. Code of Crim. Proc. art. 924, *et. seq.*, (the procedural rules dealing with post-conviction relief), found that petitioner's ineffective assistance of counsel claim was not subject to appellate review but instead would require a (post-conviction) evidentiary hearing to develop the facts of the claim.[4] Brown, however, did not pursue post-conviction remedies with regard to this claim. Brown, with counsel, instead sought review of the Louisiana First Circuit's decision before the Louisiana Supreme Court, raising only one issue, i.e., that the trial court erred in denying a defense challenge to juror Derouen for "cause".[5] No further post-conviction proceedings were filed in the state courts before Brown sought relief in this court.

---

[3] *See State v. Brown*, 2009 WL 382723 (La. App. 1st Cir. 2/13/2009)(unpublished), a copy of which can be found in State Court Rec. vol. 2 of 2.

[4] *See State v. Brown*, 2009 WL 382723 *11.

[5] *See* State Rec. vol. 2 of 2, Brief filed by Frank Sloan, Esq., Louisiana Appellate Project, Writ No. 2009-K-1090.

The instant application for federal habeas relief was filed in this court on March 19, 2010.[6] Therein, Brown raises the following claims:

1) He was denied the effective assistance of counsel when counsel failed to investigate, interview witnesses and interview the victim; and,

2) the state trial court abused its discretion when it denied a prospective juror challenge for "cause" based upon an erroneous belief that the juror had been rehabilitated.[7]

The State filed a response to Brown's federal habeas petition conceding that Brown's federal petition was timely but asserting that Brown has failed to exhaust all of the issues raised in his federal petition.[8] Specifically, the State claims that Dunbar has failed to raise his claim of ineffective assistance of counsel in a procedurally proper manner before the

---

[6] Under the prison mailbox rule applied by the U.S. Fifth Circuit Court of Appeals, Brown's *pro se* petition would be deemed filed as of the date he placed it in the prison mail system. *Hernandez v. Thaler*, 630 F.3d 420 (5th Cir. 2011), citing *Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009)(per curiam). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

[7] *See* Petition, Rec. Doc. 2 at pp.19-31.

[8] *See* Response, Rec. Doc. 9.

Louisiana Supreme Court, thus his petition should be dismissed for failure to exhaust state remedies. For the following reasons, the court finds the State is correct.[9]

### **EXHAUSTION**

Federal law is clear that a state prisoner must exhaust available state court remedies as to each ground upon which he claims entitlement to habeas corpus relief. 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F. 2d 1112, 1117 (5th Cir. 1987). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 522, 102 S. Ct. at 1205. Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). See also, *Anderson v. Johnson*, 338 F.3d 382 (5th Cir. 2003), citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (To satisfy the exhaustion requirement, "a habeas petitioner must have fairly presented the substance of his claim to the state courts.") As the Supreme Court explained in *Picard*:

---

[9] Petitioner also asserts that this court should consider the cumulative effect of the errors complained of in claims 1 and 2, as noted above. Petitioner has never made such an argument before the state courts nor can he raise the claim before this court unless he has exhausted his two substantive claims.

> The exhaustion-of-state- remedies doctrine . . . reflects a policy of federal-state comity . . . 'an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.' We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'

*Id*. at 275, 92 S.Ct. at 512 (citations and quotations omitted).

In the instant case, the only issue which has been raised before the state district court, the intermediate appellate court and the Louisiana Supreme Court is the issue of whether the trial court erred in denying a defense challenge to a prospective juror (Derouen) for "cause". The issue of ineffective assistance was not raised before the Louisiana Supreme Court on direct appeal nor did petitioner attempt to seek post-conviction relief on this claim. This court is, therefore, barred from addressing the claims raised in Brown's federal habeas petition.[10]

---

[10] A petition containing both exhausted and unexhausted claims is a "mixed petition" subject to dismissal without prejudice. *Pliler v. Ford*, 542 U.S. 225, 124 S.Ct. 2441, 2447, 159 L.Ed.2d 338 (2004); *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998). The AEDPA grants a district court discretion to deny relief on an unexhausted claim, *Alexander*, 163 F.3d at 908, citing *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998), but a district court may not grant such relief absent an express waiver by the state of the exhaustion requirement. 28 U.S.C. § 2254(B)(3). This court finds it inappropriate to address the unexhausted claim of ineffective assistance for the same reason that the state appellate court refused to do so on direct appeal, i.e., an evidentiary hearing to develop the record with regard to this claim has never been held by the state courts. A "mixed petition", containing both exhausted and unexhausted claims, may be dismissed without prejudice, leaving the petitioner with the choice of returning to state court to exhaust his unexhausted claims, or to amend his petition to dismiss the unexhausted claims and present only the exhausted claims to the court. *Id.* Here, petitioner was put on notice by the State's response that he had failed to exhaust all of his claims, but he has not elected to abandon his unexhausted claims.

## **RECOMMENDATION**

Accordingly, it is recommended that petitioner's application for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[11]

New Orleans, Louisiana, this 14th day of March, 2011.

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

---

[11] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.